# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Gregory Ranch, et al. v. Patricia Shaffer Lyman, et al.

**Case Number:** 05-01214

### Document Information

**Description:** Order Granting [6-1] Motion To Remand to the Fifth Judicial District Court, County of Eddy, State of New Mexico by Stacie Biebelle, Skipworth Shafer .

**Received on:** 2006-03-15 09:59:50.000

**Date Filed:** 2006-03-15 00:00:00.000

**Date Entered On Docket:** 2006-03-15 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:  GREGORY ROCK HOUSE RANCH, LLC,
      (Case No. 11-05-16120 MR)
  and

  MARJORIE PARRISH GREGORY,               Jointly Administered
      (Case No. 11-05-16255 MR)                   With and Captioned

  and

  DEBORAH LYN GREGORY,
      (Case No. 11-05-16261 SR)

  and

  DONALD WAYNE GREGORY,
      (Case No. 11-05-16301 MR)

  and

  **GREGORY RANCH, a Partnership**,          **No. 11-05-15405 MR**
                                                             Jointly Administered

  Debtor.

---

GREGORY RANCH, a New Mexico
general partnership, DONALD WAYNE
GREGORY, NORMAN SCOTT GREGORY,
and LARRY GREGORY,

     Plaintiffs,

v.                                                                         Adversary No. 05-1214 M

PATRICIA SHAFER LYMAN,
SKIPWORTH SHAFER, STACIE
BIEBELLE, and THOMAS TURNEY,
New Mexico State Engineer,

1

Defendants.

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on the Motion to Remand filed by Defendants Stacy Biebelle and Skipworth Shafer, by and through their attorney of record, Marion J. Craig III, P.C. (Marion J. Craig III). Plaintiffs, by and through their attorney of record, Behles Law Firm, P.C. (Jennie Deden Behles), filed a response to the Motion to Remand and the Court held a final hearing on March 2, 2006, after which the Court took the matter under advisement. Although the New Mexico State Engineer did not file a response to the Motion to Remand, counsel for the New Mexico State Engineer, Jonathan Sperber, participated in the hearing and argued in favor of remand. Plaintiffs removed an action pending before the Fifth Judicial District Court as case no. CV-99-0503 ("State Court Action") to initiate this adversary proceeding. Prior to the final hearing on the Motion to Remand, the parties filed a stipulation regarding the factual background and procedural progress of the State Court Action. ( *See* Docket # 9).

After considering the arguments of counsel and the stipulation of facts, including the status of the State Court Action, the Court finds that while Plaintiffs' cause of action against Defendants is an asset of their bankruptcy proceeding, this adversary proceeding is not a core proceeding, abstention principles apply, and remand is appropriate. The following facts relevant to the Court's determination are not in dispute:

    1. The State Court Action was initiated by Plaintiffs in 1999 against Patricia Lyman and Thomas Turney, the New Mexico State Engineer, seeking damages, including punitive damages, arising from trespass and conversion by Defendant Patricia Lyman of Plaintiff's superior water rights,

2

seeking a temporary restraining order and permanent injunction to enjoin Patricia Lyman from pumping any water from Well C-2261, and requesting that the New Mexico State Engineer be ordered to enforce the water laws of the State of New Mexico by shutting down or stopping Ms. Lyman's pumping of water from Well C-2261.

2. Defendants Stacy Biebelle and Skipworth Shafer are Patricia Lyman's children. They were added to the State Court Action as necessary parties based on their vested future interest in Well C-2261 and their vested remainder interest in the ranch where Well C-2261 is located.

3. In March of 1999, the New Mexico State Engineer issued a letter prohibiting the pumping of Well C-2261 for any purpose other than for livestock water in the amount of 3 acre feet per year.

4. Well C-2261 has not been used for any purpose other than for the watering of livestock since the New Mexico State Engineer issued the letter, but prior to that time, water was produced and commercially sold from Well C-2261 by Patricia Lyman.

5. Patricia Lyman passed away in 2001, and Defendants filed a Suggestion of Death in the State Court Action.

6. Although Stacy Biebelle and Skipworth Shafer are Patricia Lyman's heirs at law, no probate for the estate of Patricia Lyman has ever been opened.

7. Plaintiffs Scott Gregory, Larry Gregory, and Wayne Gregory filed an application with the New Mexico State Engineer to transfer certain water rights from property located below Well C-2261, which were involved in their claim for damages against Ms. Lyman, to property located above Well C-2261. Plaintiffs' application to transfer these water rights was approved by the New Mexico

3

State Engineer in June of 2000.

        8.   Gregory Ranch filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 1, 2005.

        9.   The State Court Action was pending for over five years prior to the filing of the Plaintiffs' bankruptcy proceeding.

        10.   Three motions filed in the State Court Action, including a motion for summary judgment filed by the Plaintiffs, remained pending as of the date the bankruptcy petition was filed.

## DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

In determining whether it is appropriate to remand a removed proceeding, it is proper for the Court to consider the standards applicable to abstention. *See Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that "abstention may apply to proceedings removed to a bankruptcy court" and determining that "[i]f abstention is required under section 1334(c)(2), a court may remand the proceeding to state court under 27 U.S.C. § 1452(b)"). Mandatory and permissive abstention is governed by 28 U.S.C. § 1334(c), which provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case

under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(1) and (2).

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See In re Premier Hotel Development Group,* 270 B.R. 243, 250 (Bankr.E.D.Tenn. 2001) ("Mandatory abstention does not apply to core proceedings . . . ").

"Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A) - (O) (listing matters included within core proceedings). "Non core" proceedings do not invoke substantive rights created by bankruptcy law, and can exist independent from the bankruptcy. *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate. *Gardner,* 913 F.2d at 1518 ("the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984) ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that

5

proceeding could conceivably have any effect on the estate being administered in bankruptcy.")).

At most, this adversary proceeding is a non-core proceeding over which the Court has related-to jurisdiction under 28 U.S.C. § 1334(b). The adversary proceeding does not invoke substantive rights created under the Bankruptcy Code, and, since the State Court Action was initiated well prior to the bankruptcy proceeding, can and did exist independent from the bankruptcy. Given that this is a non-core proceeding, and in view of the posture of the State Court Action, the Court finds that the elements for mandatory abstention have been satisfied and remand is, therefore, proper.

Mandatory abstention under 28 U.S.C. § 1334(c)(2) requires a showing of the following elements: 1) the motion to abstain was timely[1]; 2) the action is based on state law; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) there is no independent basis for federal jurisdiction other than the bankruptcy; and 6) the matter is non-core. *See Midgard,* 204 B.R. at 776-778 (discussing each element enumerated in 28 U.S.C. § 1334(c)(2)); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640 (E.D.Pa. 2005). Elements 2) and 3) are not in dispute, and the Court has determined that this is a non-core matter. Element 6) has, therefore, been satisfied. The State Court action concerns tort and damages claims in relation to Plaintiffs' water rights,

---

[1] Defendants did not file a motion for mandatory abstention, so the first element is not strictly applicable. In *Midgard,* the debtor filed a motion to remand, which contained a request for mandatory abstention. 204 B.R. at 767. In determining that the mandatory abstention statute can apply to removed cases, the Bankruptcy Appellate Panel found that the requirements for mandatory abstention were met, so that the case should have been remanded to state court. *Midgard,* 204 B.R. at 780. In addition, timeliness is not defined by 28 U.S.C. § 1334(c)(2). *See Midgard,* 204 B.R. at 776. The Court notes that the Motion to Remand was filed less than three months after the notice of removal, and was filed one day after a certified copy of the record of the State Court Action was filed in the adversary proceeding. For purposes of satisfying the mandatory abstention statute, the Motion to Remand was timely filed.

6

and does not invoke federal jurisdiction based on federal question or diversity.  Thus there is no independent basis for federal jurisdiction other than the bankruptcy, and Element 5) has been satisfied.

The last required element for mandatory abstention is whether the action can be timely adjudicated in state court.   This element necessarily entails a consideration of whether awaiting the outcome of the State Court Action in state court  will interfere with administration of the Debtor's bankruptcy estate.  *Midgard,* 204 B.R. at 779 (noting that timeliness is "only one of several factors to be considered, and does not, taken alone, focus on the larger concern of whether the administration of the bankruptcy case will be impaired by adjudication in State Court.").

Defendants represented to the Court that a trial setting before the judge assigned to the State Court Action might be obtained by the end of the year.   Plaintiffs countered that history speaks for itself, and that the history of the State Court Action indicates that progress has been extremely slow. Defendants point out that because no water has been pumped commercially from Well C-2261 since the State Engineer issued the letter in 1999, and because Plaintiffs have transferred their water right to property located above Well C-2261, no further damage continues to accrue.  The remainder of the State Court Action, therefore, involves a determination of  whether Plaintiffs are entitled to damages, and, if so, the amount of those damages for the prior pumping of the well.  Plaintiffs' water rights, which constitute an asset of the bankruptcy estate and which will form the basis for a plan of reorganization, are not presently affected by the Defendants' actions.  Based on these facts, the Court finds that the State Court Action is limited in scope and will not have a major impact on the administration of the bankruptcy estate.  *Cf.  Allen v. J.K.Harris,* 331 B.R. at 645-646 (noting that within the context of the permissive abstention statute, courts should not abstain where the outcome of the state court action will

7

affect the entire bankruptcy case, and concluding that where it was unlikely that the state court action would have a significant impact on the administration of the bankruptcy estate, except to value the claim, permissive abstention was not foreclosed by this factor).  In the event Plaintiffs prevail, additional funds will become available to the bankruptcy estate, and Plaintiffs can include a provision in their plan of reorganization to address this contingency.   Based on the foregoing, the Court concludes that all of the elements for mandatory abstention have been satisfied, and remand is therefore appropriate.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Remand is GRANTED. This adversary proceeding is hereby remanded to the Fifth Judicial District Court, State of New Mexico, County of Dona Ana.

ORDERED FURTHER, that Defendants' request for costs incurred in connection with this adversary proceeding is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Jennie D. Behles
Attorney for Gregory Ranch
PO Box 7070
Albuquerque, NM 87194

8

W. T. Martin, Jr.
Special Counsel for Plaintiffs
PO Box 2168
Carlsbad, NM 88221

Marion J. Craig III
Attorney for Defendants Skipworth Shafer and Stacie Biebelle
PO Box 1436
Roswell, NM 88202

*Patti G. Hennessy*

Patti G. Hennessy
Law Clerk
(505) 348-2545

9